PATRON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-251-CR

JOE ROBERT PATRON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted appellant Joe Robert Patron of sexually assaulting his daughter, found the habitual offender enhancement paragraph in the indictment to be true, and assessed his punishment at confinement for life.  Appellant contends on appeal that the trial court abused its discretion by prohibiting him from asking the victim’s mother about the victim’s tendency to lie and by allowing the State to elicit testimony from appellant’s stepdaughter that he sexually abused her as well.  Appellant also complains about ineffective assistance of counsel.  We affirm.

In his first point, appellant claims that the trial court violated his Sixth Amendment right to confront witnesses by refusing to allow him to cross-examine the victim’s mother about the victim’s truthfulness.  But appellant did not raise this constitutional issue in the trial court; he argued only that the evidence was admissible to show the victim’s habit of lying.  Thus, appellant did not preserve this issue for review.  
See Johnson v. State
, 963 S.W.2d 140, 142 (Tex. App.—Texarkana 1998, pet. ref’d).  We overrule appellant’s first point. 

In his second point, appellant contends that the trial court erred in allowing his stepdaughter, R.E., to testify that he sexually abused her as well as the victim.  The trial court allowed the State to elicit this testimony after appellant’s cross-examination of R.E., during which she admitted she did not like appellant.  Appellant’s counsel asked whether she did not like him because appellant took her father’s place and she wanted her mother to get back together with her father.  The trial court determined that appellant opened the door to the sexual abuse testimony by insinuating that R.E. was biased against appellant because she wanted her mother and father to get back together.

Appellant complains that the prejudicial effect of this testimony substantially outweighed its probative value.  
See
 
Tex. R. Evid.
 403.  But during the victim’s testimony, after she had detailed what appellant had been doing to her, she testified that she found out appellant had been doing the same thing to R.E.  Appellant did not object.  Thus, appellant has not preserved error on this issue.  
Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); 
Johnson
 
v. State
, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991),
 overruled on other grounds by Heitman v. State
, 815 S.W.2d 681 (Tex. Crim. App. 1991). 
 We overrule appellant’s second point.

In his third, fourth, and fifth points, appellant contends his trial counsel was ineffective for failing to object to the State’s remarks in its opening statement and closing argument during the punishment phase of the trial.  Appellant did not file a motion for new trial or otherwise develop a record on this issue; thus, the record is silent as to counsel’s reasons for not objecting.  We will not reverse the trial court’s judgment in this instance.  
See Hines v. State
, 144 S.W.3d 90, 99 (Tex. App.—Fort Worth 2004, no pet.); 
see also
 
Thompson v. State
, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (stating that when the record is silent as to counsel’s reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably)
.  We overrule appellant’s third, fourth, and fifth points.

In his sixth point, appellant contends his trial counsel was ineffective for incorrectly stating during jury argument on punishment that appellant had previously been convicted of “at least two other felony convictions” because he had a prior conviction for felony driving while intoxicated.  In fact, the two prior convictions that enhanced appellant’s DWI to a felony were only misdemeanors.  Appellant’s counsel never corrected his error.

Even assuming that appellant’s counsel’s performance was deficient,
(footnote: 2) appellant cannot show that 
a reasonable probability exists that, but for counsel’s unprofessional errors, the result of the proceeding would have been different
.  
See 
Strickland,
 466 U.S. at 694, 104 S. Ct. at 2068. 
 State’s Exhibit Number 5, which was admitted into evidence, shows that both prior DWI convictions were misdemeanors.  And the most emphasis the State placed on the DWIs was to explain why the last conviction was a felony even though appellant received only jail time.  Counsel’s misstatement occurred when he was explaining to the jury that appellant had a drinking problem, not to justify a higher punishment, but to evoke sympathy and point out that appellant’s drinking problem could be cured with only fifteen or twenty years in prison.   The State had already indicated it wanted the jury to assess punishment at life in prison. 

After appellant’s argument, the State explained that appellant had to have at least two other DWIs to qualify for a felony DWI conviction.  In light of the circumstances of the misstatement, as well as the other punishment evidence that appellant sexually abused his own daughter and his stepdaughter, that he had prior convictions for assault on a family member and burglary, and that he attempted to flee to California when his daughter and stepdaughter told the police what he had done to them, we cannot conclude that the outcome of the proceeding would have been different if appellant’s counsel had not misstated the nature of his prior DWI convictions.  
See 
id.
 
 We overrule appellant’s sixth point.

Having overruled appellant’s six points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)
; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).